# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

| | |
|---|---|
| **AARON A. EDISON,**<br><br>      **Plaintiff,**<br><br>v.<br><br><br><br>**STATE OF WEST VIRGINIA, DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU OF CHILD SUPPORT ENFORCEMENT, MICHELLE UVONNE EDISON,**<br><br>      **Defendants.** | Civil Action No.: 1:18-CV-196<br>**(JUDGE KLEEH)** |

## REPORT AND RECOMMENDATION RECOMMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED

This matter is before the undersigned pursuant to a referral order entered by Honorable Senior United States District Judge Irene M. Keeley on October 19, 2018, (ECF No. 3). This case was reassigned to Honorable United States District Judge Thomas S. Kleeh on December 1, 2018 (ECF No. 10). Pending in this matter are Defendants', State of West Virginia, Department of Health and Human Resources ("DHHR"), Bureau of Child Support Enforcement ("BCSE"), Motion to Dismiss for Failure to State a Claim (ECF No. 20) filed on February 1, 2019, Plaintiff's Motion to Amend/Correct Complaint incorporated into Plaintiff's Response (ECF No. 30) filed on February 26, 2019, and Defendants' Motion to Strike Plaintiff's Reply to Response to Motion (ECF No. 33) filed on March 20, 2019.

For the reasons stated herein, the undersigned **RECOMMENDS** Defendants', State of West Virginia, DHHR, Bureau of Child Support Enforcement, Motion to Dismiss for Failure to State a Claim (ECF No. 20) be **GRANTED,** Plaintiff's Motion to Amend/Correct Complaint (ECF

1

No. 30) be **DENIED** as futile for lack of jurisdiction under the *Rooker-Feldman* doctrine, and Defendants' Motion to Strike Plaintiff's Reply to Response to Motion (ECF No. 33) be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** the Court, *sua* sponte, **DISMISS** the claims against Defendant Michelle Uvonne Edison for lack of jurisdiction and this action be **DISMISSED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his Petition Seeking Appeal and Relief for Constitutional Rights Violations against Defendants, State of West Virginia, Department of Health and Human Resources, Bureau of Child Support Enforcement, and Michelle Uvonne Edison on October 17, 2018. (ECF No. 1). On February 1, 2019, Defendants' State of West Virginia, Department of Health and Human Resources ("DHHR"), Bureau of Child Support Enforcement ("BCSE"), filed a Motion to Dismiss for Failure to State a Claim based on sovereign immunity under the Eleventh Amendment to the United States Constitution (ECF No. 20). Plaintiff filed a Response to Defendants' Motion to Dismiss on February 26, 2019 (ECF No. 29). The Court has incorporated within Plaintiff's Response, a Motion to Amend/Correct the Complaint to add as Defendants, Alan D. Moats, Beth Longo, and Susan Wilmerink in their individual capacities. (ECF No. 30, at 3).

On March 4, 2019, Defendants' filed a Reply to Plaintiff's Response (ECF No. 31). On March 18, 2019, Plaintiff filed a Reply to Defendant's Response. (ECF No. 32). Defendants' filed a Motion to Strike Plaintiff's Reply to Response to Motion on March 20, 2019 (ECF No. 33). Plaintiff filed a Response to Defendants' Motion to Strike on April 12, 2019 (ECF No. 34) and Defendants' filed a Reply to Plaintiff's Response (ECF No. 35) on April 15, 2019. The undersigned issued an Order (ECF No. 36) on April 16, 2019 to put the parties on notice pursuant to Webb v. EPA, No. 90-2106, 199 U.S. App. LEXIS 17215, at *2 (4th Cir. 1990) that the undersigned is of

the opinion Plaintiff has not and cannot state a legitimate legal basis for his claims against the named defendants or the defendants proposed to be added by Plaintiff's Motion to Amend. In the Order, the undersigned further gave the parties twenty-one days to respond with any supplemental information or amendments to the filings to demonstrate why the action should not be dismissed in its entirety (ECF No. 36 at 2).

On May 8, 2019, Plaintiff filed a Motion for Extension of Time to file Response/Reply (ECF No. 39) to the undersigned's Order at ECF No. 36. The undersigned granted the Plaintiff's Motion by Order on May 9, 2019 and provided the Plaintiff an additional twenty-one days to respond and demonstrate why this action should not be dismissed (ECF No. 40). Service of the undersigned's Order (ECF No. 40) was accepted by the Plaintiff on May 28, 2019. (ECF No. 42). Due to Plaintiff's status as *pro se* and the time when service of the Order was affected on Plaintiff, the undersigned has allowed Plaintiff additional time to file a response. As of the date of this Report and Recommendation, the Plaintiff has not filed any response or supplemental information with the Court regarding the undersigned's Order (ECF No. 36, 40). This matter is now ripe for Report and Recommendation to Honorable United States District Judge Thomas S. Kleeh.

## II.   CONTENTIONS OF THE PARTIES

### A. Plaintiff's Complaint

Plaintiff filed his Complaint as a Petition Seeking Appeal and Relief for Constitutional Rights Violations on October 17, 2018 against Defendants State of West Virginia, Department of Health and Human Resources, Bureau of Child Support Enforcement, and Michelle Uvonne Edison (ECF No. 1). In his Petition Seeking Appeal and Relief for Constitutional Rights Violations, Plaintiff claims his constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution are being violated by the Defendants as a result of

a "West Virginia State Family and Circuit Court decision to suspend his drivers license due to child support arrearages." (ECF No. 1 at 1). Plaintiff claims the "original order for child support" is unlawful because his parental rights were "unlawfully and involuntarily terminated by the state." Id. Plaintiff claims that the suspension of his driver's license is "unlawful and in violation of his Fifth Amendment Right protection against double jeopardy." Id.

Plaintiff asserts that this Court has jurisdiction over his claims "due to the State of West Virginia and Respondent's infringement of his Constitutionally protected Rights." Id. Plaintiff further states this Court has jurisdiction because "the entire WV Supreme Court is currently under impeachment for high crimes with one of the Chief Justices already found guilty of some eleven different felony charges" causing Plaintiff to have "no faith" in the WV Supreme Court of Appeals. Id.

Plaintiff states that on August 18, 2016, Family Court Judge Beth Longo "signed an order suspending" his "driver's license due to child support arrearages." (ECF No. 1 at 2). According to Plaintiff, automatic deductions from Plaintiff's military retirement plan toward the child support arrearages began in April of 2017 at a total of $273.66 per month. Id. Plaintiff claims that the "basis/grounds for the driver's license suspension (failure to pay child support) became no longer applicable in this case since the payments via automatic deduction began over a year and a half ago to date." Id. Plaintiff states that in March of 2017, he informed the Defendant, Bureau of Child Support Enforcement ("BCSE") of the automatic deductions being applied to the child support arrearages. Id. Plaintiff states that, to date, "the Bureau of Child Support Enforcement continues to refuse to contact the WV Department of Motor Vehicles (DMV)" to have his drivers license reinstated. Id.

Plaintiff further states that the BCSE has insisted that he sign "an arbitrary agreement to continue paying this monthly amount in the highly unlikely event his military pay should . . . be suspended or discontinued." Id. Plaintiff claims that by "BCSE insisting he sign such an agreement" he is unlawfully being forced to "forfeit his right to petition the court for adjustment of child support payments in the event he should lose income in the future." Id. Plaintiff further contends that the suspension of his driver's license is unconstitutional citing the case of Thompson v. Smith, 154 S.E. 579 (Va. 1930) which Plaintiff interprets as establishing a natural and inalienable right under the Constitution to travel upon public highways by automobile. (ECF No. 1 at 3). Plaintiff further cites the holding in Thompson for the proposition that the city or state "may not arbitrarily or unreasonably prohibit or restrict" the right to drive nor "permit one to exercise it and refuse to permit another of like qualifications, under like conditions, and circumstances, to exercise it." Id.

Plaintiff also contends his First and Fourteenth Amendment Rights under the United States Constitution are being violated. Id. Plaintiff states that the child support order, entered at the same time as his divorce order, was entered despite his parental rights having been "unlawfully and involuntarily terminated" for refusing the "Family Counseling Programs ordered by the Circuit Court." Id. Plaintiff claims he requested Christian Faith Based Counseling for his family and had his request denied. Id. Plaintiff claims the state attempted to "force secular family counseling on he and his family which ran contrary to his religious beliefs" thereby violating his First Amendment Right "to freely exercise his own religious beliefs as it applies to raising and properly disciplining his children." (ECF No. 1 at 3-4). Plaintiff states that he "refused to pay the support due to his no longer having an obligation to parent his children because he no longer had a legal right to do so." (ECF No. 1 at 4). Plaintiff references a West Virginia state case in which an

5

individual's parental rights had been terminated, he was ordered to pay child support, and the Circuit Court ruled the family law judge erred in "ordering a Parkersburg man to support a child who's no longer his." (ECF No.1-2). Plaintiff claims that the state court's order for him to pay child support, for a child to whom his parental rights were terminated, is a violation of his Fourteenth Amendment rights of equal protection. (ECF No. 1 at 4).

Plaintiff further contends that his Fifth Amendment right against double jeopardy is being violated by the family and state court's orders that he pay child support. Id. Plaintiff states that he was indicted and found guilty of Refusal to Pay Child Support in 2005. Id. According to Plaintiff, Judge Alan D. Moats sentenced him to the "maximum allowable sentence of 1-3 years in State Prison." Id. Plaintiff claims this is a violation of his Fifth Amendment protection against double jeopardy for the subsequent family court order suspending his driver's license for his refusal to pay child support. Plaintiff states that for these reasons and "other personal damages" as a result of "unconstitutional practices imposed on" him by "a criminal enterprise acting under Color of Law in the courts and among other agencies such as the DHHR and BCSE here in the State of West Virginia", he now seeks appeal and relief (ECF No. 1 at 5).

### B. Defendants' Motion to Dismiss

Defendants', State of West Virginia, Department of Health and Human Resources ("DHHR"), Bureau of Child Support Enforcement ("BCSE"), filed their Motion to Dismiss for Failure to State a Claim (ECF No. 20) on February 1, 2019. The Defendants argue this action should be dismissed based upon sovereign immunity under the Eleventh Amendment to the United States Constitution. (ECF No. 21 at 3). The Defendants argue, that absent waiver, the State cannot be sued in Federal Court because of sovereign immunity. Id.

Defendants cite well established case law indicating "pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or *to suits by a citizen against his or her own state*." Id. Defendants argue that the Eleventh Amendment prohibits federal suit against a State by a citizen of that State absent consent. Id. Citing the case of Pittsburgh Elevator Co. v. West Virginia Bd. of Regents, 310 S.E.2d 675 (W.Va. 1983)(citing Alabama v. Pugh, 438 U.S. 781 (1978), the Defendants argue that "a suit generally may not be maintained . . . *against an agency or department of the State*, unless the State has waived its sovereign immunity." Id.

### C. Plaintiff's Response and Motion to Amend/Correct Complaint

Plaintiff filed a Response to Defendants' Motion to Dismiss on February 26, 2019 (ECF No. 29). Plaintiff responded that the "Supremacy Clause under Article VI, Clause 2 of the United States Constitution" confers this court jurisdiction to hear his claims because Plaintiff is "under no obligation . . . to obey any Constitutionally invalid law or court order issued by the State of West Virginia and/or its courts or agencies." (ECF No. 29 at 1). Plaintiff argues that state employees and public officials may be sued for "violations of a Plaintiff's federal constitutionally protected rights." (ECF No. 29 at 2). Plaintiff further states that "Ms. Susan Wilmerink, representing attorney for the Bureau of Child Support Enforcement and WV Department of Health and Human Resources . . . as well as State Family and Circuit Court Judges Beth Longo and Alan D. Moats" can be sued for "Color of Law actions" that have denied "Plaintiff his rights guaranteed under the U.S. Constitution." Id.

Plaintiff further contends, as to this court's jurisdiction over his claims, that "[I]njunctive relief against the state of West Virginia, its court and agencies, which continues to . . . deny licenses and confiscate the property of this Plaintiff even though the original child support order and

7

subsequent actions are in violation of multiple constitutionally protected rights" falls under federal jurisdiction for this Court. Id. Regarding Defendant Michelle Uvonne Edison, Plaintiff states that "she can be sued in her individual capacity as well for all monies gleaned via the extortion processes initiated under Color of Law and by agents/officials of the State of West Virginia as they represent her." (ECF No. 29 at 3).

In his Response, Plaintiff further adds to his factual allegations that the BCSE, by attorney Susan Wilmerink, "initiated the confiscation of a new Ford F-150 pickup truck" the "Plaintiff won during a Veterans Day drawing at Toothman Ford in Grafton, WV" for the truck to be used as value toward Plaintiff's child support arrearages. (ECF No. 29 at 2). Plaintiff alleges the confiscation of the vehicle is in violation of his Eighth Amendment rights under the United States Constitution to be free from excessive fines. Id. Plaintiff states that he filed a "Petition for Injunction with both the Family and Circuit Courts of Taylor County" and after "denial of that Petition for Injunction", Plaintiff "forwarded this latest update notice to this federal court seeking Injunction Relief on this matter as well." Plaintiff further requests in his Response that the "individual names of Alan D. Moats, Beth Longo and Susan Wilmerink be added as defendants (in their individual capacities) in this case in addition to that of those already listed." (ECF No. 29 at 3). The Court has construed and incorporated these requests as a Motion to Amend/Correct Complaint. (ECF No. 30).

### D. Defendants' Reply

Defendants' filed a Reply to Plaintiff's Response (ECF No. 35) on April 15, 2019. In their Reply, Defendants argue that the Plaintiff's Response "fails to address in any substantive manner the arguments put forward by the Defendants in their Motion to Dismiss; that being application of the Eleventh Amendment and sovereign immunity." (ECF No. 31 at 1-2). As such, Defendants

reiterate their argument that Plaintiff's claims should be dismissed for their sovereign immunity under the Eleventh Amendment to the United States Constitution. Id.

### E. Plaintiff's Response to Defendants' Reply to Plaintiff's Response

On March 18, 2019, Plaintiff filed a Reply to Defendant's Response to the Plaintiff's Reply to the Defendants' Motion to Dismiss (ECF No. 32) which will be referred to as Plaintiff's Surreply. Though, as noted by Defendants in their Motion to Strike (ECF No. 33), Plaintiff did not seek leave of the Court as required by Local Rule of Civil Procedure 7.02(b)(3) prior to filing his Surreply, because the Plaintiff is a *pro se* unskilled litigant, the Surreply has been considered and will be addressed herein.

In his Surreply, Plaintiff reiterates his intention to "APPEAL all of the state courts rulings as well as challenge the unconstitutionality of his driver's license suspension." (ECF No. 32 at 2). Plaintiff further reiterates that he "challenges and appeals the unconstitutionality of the termination of his parental rights on grounds that he refused to attend the States secular family counseling that runs contrary to his Christian beliefs . . . thereby violating his First Amendment Right to Freely exercise his religious beliefs as they apply to his family." Id. Plaintiff further states that he "challenges and appeals the unconstitutionality of the original order to pay child support for children he has no rights to parent." Plaintiff also states again that his rights against double jeopardy have been violated by the state "continuing to impose sanctions" for his failure to pay and comply with the state court's child support order. Id.

### F. Defendants' Motion to Strike

On March 20, 2019, Defendants' filed a Motion to Strike Plaintiff's Reply to Response (ECF No. 33). Defendants, as stated above, argue that Plaintiff failed to seek permission of the Court to file a surreply pursuant to LR Civ P 7.02(b)(3). Defendants argue that, while a surreply

may be permitted when a party raises new issues in a reply brief, Plaintiff has not raised any new issues for the Court's consideration, and because he failed to seek leave of the Court pursuant to the local rules, Defendants request Plaintiff's Surreply be stricken. (ECF No. 33 at 2-3).

### III. LEGAL STANDARD

#### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, the factual allegations must "be enough to raise a right to relief above the speculative level" (Id. at 555) – to be "plausible on its face," rather than merely "conceivable." Id. at 548. A "sheer possibility that a defendant has acted unlawfully" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, the plausibility standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated by the Southern District of West Virginia in Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D. W. Va. August 26, 2014), according to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (2009). We also decline to consider

>"unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1951-52.
>
>Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible." Id. at 1974 (quoting Twombly, 550 U.S. at 570).

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed *pro se*. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the

11

allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); *cf*. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

### B. Motion to Amend/Correct Complaint

Rule 15(a) of the Federal Rules of Civil Procedure directs that leave to amend by the Court "shall be freely given when justice so requires." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) of the Federal Rules of Civil Procedure to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party *or the amendment would have been futile*." Harvey, 438 F.3d, 426-427 (4th Cir. 2006) (emphasis added) (citing Johnson v. Oroweat Foods Co, 785 F.2d 503, 509 (4th Cir. 1986).

### C. *Sua Sponte* Dismissal for Failure to State a Claim and Lack of Jurisdiction

When it is clear as a matter of law that no relief can be granted under any set of facts that could be proven consistent with the allegations of a Plaintiff's complaint, *sua sponte* dismissal is appropriate for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Grier v. United States, 57 F.3d 1066 at *1, [published in full-text format at 1995 U.S. App. LEXIS 14789] (4th Cir. 1995) (per curiam) (unpublished table opinion) (holding *sua sponte* dismissal is appropriate where "it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in [the plaintiffs] complaint"); *See also* Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006).

However, if a "court concludes that a complaint should be dismissed *sua sponte* for failure to state a claim, the parties must be given both notice of the court's intention and an opportunity to respond." Webb v. EPA, No. 90-2106, 1990 U.S. App. LEXIS 17215, at *2 (4th Cir. 1990) (citing Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177 (7th Cir. 1989).

12

Further, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); *see also* Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## IV.  ANALYSIS

**A. Defendants', State of West Virginia, DHHR, Bureau of Child Support Enforcement Motion to Dismiss for Failure to State a Claim should be granted, and Plaintiff's claims dismissed based upon sovereign immunity as provided in the Eleventh Amendment to the United States Constitution.**

The Eleventh Amendment to the United States Constitution states, "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI. It is well founded that the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99, 101 (1984).

Similarly, to the extent that the State of West Virginia, DHHR, BCSE employees or representatives have been named as defendants in their official capacities, the claims against them would also be barred by the Eleventh Amendment. *See* Frederick v. W. Va. HHS, 2019 U.S. Dist. LEXIS 41524, at *51 (S.D. W. Va. February 15, 2019) (stating the Eleventh Amendment bars claims against the DHHR employees or representatives to the extent they are named in their official capacities). A state can only waive its sovereign immunity by unequivocal expressions or actions. Id. at 99; *see also* Edelman v. Jordan, 415 U.S. 651, 673 (1921). A state's sovereign immunity

may be abrogated by Congress where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).

Here, Plaintiff has not raised any claim under any statute in which Congress has clearly and unequivocally abrogated the State of West Virginia's Eleventh Amendment immunity and Plaintiff has further failed to assert any argument that the State of West Virginia has waived its sovereign immunity or consented to be sued herein. Accordingly, the undersigned **RECOMMENDS** the District Judge dismiss the Plaintiff's claims against the State of West Virginia.

Further, while not stated as the basis for his cause of action against the Defendants, Plaintiff's Complaint (ECF No. 1) and subsequent filings, which repeatedly state that the basis for his claims against Defendants are for "Color of Law" actions that deprived him of federal Constitutional Rights, sound in an action intended to be brought under Title 42, United States Code, Section 1983. Section 1983 provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . .

42 U. S. C. § 1983. While not in itself a source of substantive rights, Section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). In order to successfully establish a Section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by *a person acting under of color of state law*." Crosby v. City of

Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)(quoting West v. Atkins, 487 U.S. 42, 48 (1988)) (emphasis added).

In the case of Will v. Michigan Dep't of State Police, the United States Supreme Court held that neither a state, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the undersigned **RECOMMENDS** the District Judge **FIND** that Plaintiff's Complaint (ECF No. 1) fails to state a plausible claim for relief against Defendants, the State of West Virginia, DHHR, BCSE and to the extent Plaintiff seeks to implicate its employees in their official capacities, and Plaintiff's claims against them be dismissed.

**B. Even if the Court finds that sovereign immunity does not apply, Plaintiff's claims should be dismissed *sua sponte* for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)); *see also* Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The United States Court of Appeals for the Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

In Rooker, the Plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was "null and void" because, they alleged, it was in violation of the Constitution. Rooker, 263 U.S. at 414-15. The United States Supreme Court held that the district court lacked subject-matter jurisdiction over the claim because "under the legislation of Congress, no court of the United States other that this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character." Id. at 416. In Feldman, the United States Supreme Court held that "if the constitutional claims presented to [the district court] are *inextricably intertwined* with the state court's [ruling] in a judicial proceeding . . . then the district court is in essence being called upon to review the state court decision. Feldman, 460 U.S. at 482 n. 16 (emphasis added).

Here, the Plaintiff is essentially asking this Court to review and reject the Order to Pay Child Support and the suspension of his driver's license as a result of his failure to pay child support as entered by the Family Court of Taylor County, the subsequent actions taken to confiscate property towards fulfilling his child support arrearages in accordance with the Order to Pay Child Support, and his conviction for Refusal to Pay Child Support entered by the Circuit Court of Taylor County. Thus, Plaintiff is clearly requesting this Court review the decisions of the Family and Circuit Courts of Taylor County. Accordingly, the undersigned **RECOMMENDS** the District Judge **FIND** that the *Rooker-Feldman* doctrine precludes Plaintiff's indirect attempt to appeal State Court decisions to this Court and Plaintiff's Complaint titled "Petition Seeking Appeal and Relief for Constitutional Rights Violations" (ECF No. 1) be dismissed *sua sponte* for lack of subject-matter jurisdiction.

    C. **Plaintiff's Motion to Amend/Correct Complaint should be denied because amendment to add new Defendants is futile as it would not confer this Court jurisdiction because Plaintiff's claims are barred in this Court under the *Rooker-Feldman* doctrine.**

In Plaintiff's Motion to Amend/Correct Complaint incorporated into Plaintiff's Response (ECF No. 29), Plaintiff requests that the "individual names of Alan D. Moats, Beth Longo and Susan Wilmerink be added as defendants (in their individual capacities) in this case in addition to that of those already listed." (ECF No. 29 at 3). As noted previously, the United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) of the Federal Rules of Civil Procedure to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party *or the amendment would have been futile*." Harvey, 438 F.3d, 426-427 (4th Cir. 2006) (emphasis added) (citing Johnson v. Oroweat Foods Co, 785 F.2d 503, 509 (4th Cir. 1986).

Here, amendment to add as Defendants, Circuit Court Judge Alan D. Moats, Family Court Judge Beth Longo, and attorney Susan Wilmerink would be futile as it would not change the content of Plaintiff's claims and desire to appeal the state court orders directly giving rise to his alleged constitutional injuries. As such, addition of these Defendants would not confer this Court subject-matter jurisdiction over Plaintiff's claims as his attempt to appeal State Court decisions would still be precluded by the *Rooker-Feldman* doctrine. Accordingly, the undersigned **RECOMMENDS** Plaintiff's Motion to Amend/Correct Complaint (ECF No. 30) be **DENIED**.

**D. The Court, *sua sponte*, should dismiss Plaintiff's claims against Defendant Michelle Uvonne Edison for lack of jurisdiction.**

As stated above, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); *see also* Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). Again, here, Plaintiff's claims against Defendant Michelle

Uvonne Edison are inherently rooted in and inextricably intertwined with his claim that the State Family Court's Order for Defendant to Pay Child Support is constitutionally invalid. Accordingly, for the same reasons stated above regarding the preclusion of Plaintiff's claims by the *Rooker-Feldman* doctrine, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Michelle Uvonne Edison be **DISMISSED** *sua sponte* for lack of subject-matter jurisdiction.

### E. Defendants' Motion to Strike should be denied as moot.

While the undersigned notes that Plaintiff failed to first seek leave of the Court before filing what the undersigned has construed herein as a surreply (ECF No. 32) in accordance with this Court's Local Rules, the undersigned is of the opinion that consideration of Plaintiff' Surreply herein is harmless. Because Plaintiff's Surreply did not state any new claims or raise any new facts, consideration in this Report and Recommendation has not impacted the undersigned's recommendation to the District Judge regarding disposition of this matter. Accordingly, the undersigned **RECOMMENDS** Defendants' Motion to Strike Plaintiff's Reply to Response to Motion (ECF No. 33) be **DENIED AS MOOT**.

### V.   RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** Defendants', State of West Virginia, DHHR, Bureau of Child Support Enforcement, Motion to Dismiss for Failure to State a Claim (ECF No. 20) be **GRANTED,** Plaintiff's Motion to Amend/Correct Complaint (ECF No. 30) be **DENIED** as futile and Defendants' Motion to Strike Plaintiff's Reply to Response to Motion (ECF No. 33) be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** the Court, *sua* sponte, **DISMISS** the claims against Defendant Michelle Uvonne Edison for lack of jurisdiction and this action be **DISMISSED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: July 19, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE